Hendricks v Transcare N.Y., Inc. (2018 NY Slip Op 00919)





Hendricks v Transcare N.Y., Inc.


2018 NY Slip Op 00919


Decided on February 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2018

Friedman, J.P., Sweeny, Kahn, Gesmer, Singh, JJ.


300175/12

[*1] Marilyn Hendricks, et al., Plaintiffs-Appellants,
v
Transcare New York, Inc., et al., Defendants-Respondents.


Law Office of Nicholas Rose, PLLC, Forest Hills (Jill B. Savedoff of counsel), for appellants.
Lewis Brisbois Bisgaard & Smith LLP, New York (Meredith Drucker Nolen of counsel), for Transcare New York, Inc. and Adriana Catus, respondents.
Baker, McEvoy, Morrissey & Moskovits, P.C., Brooklyn (Marjorie E. Bornes of counsel), for American United Transportation Inc. and Franklin Martinez, respondents.



Order, Supreme Court, Bronx County (Ruben Franco, J.), entered on or about February 10, 2017, which, insofar as appealed from as limited by the briefs, granted defendants' motions for summary judgment dismissing plaintiffs Marilyn Hendricks and Livanessa Martinez's complaint based on their inability to satisfy the serious injury threshold of Insurance Law § 5102(d), and plaintiff Victor Rodriguez's claim that he suffered serious injury to his right knee within the meaning of Insurance Law § 5102(d), unanimously modified, on the law, to deny the motions as to Hendricks's claims for injuries to her cervical and lumbar spine and right knee, Martinez's claims for injuries to her cervical spine and right knee, and Rodriguez's claim for injuries to his right knee, and otherwise affirmed, without costs.
Although defendants carried their initial burden of establishing a prima facie entitlement to judgment, plaintiffs' submissions in opposition raised triable issues as to whether they suffered serious injuries within the meaning of Insurance Law § 5102(d) as a result of the subject accident, to the extent indicated. Plaintiffs' physician submitted an affirmation opining that the subject injuries were traumatic in origin, based on his examinations, surgical observations and review of MRI films. The medical experts' conflicting opinions on the cause and extent of these injuries raise issues of fact that must be resolved at trial (see Perl v Meher, 18 NY3d 208, 218-219 [2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 8, 2018
CLERK